# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRETT CHISESI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-3707** |
| **AAA/AUTO CLUB FAMILY INSURANCE COMPANY** | **SECTION "B" (3)** |

## REPORT AND RECOMMENDATION

The matter of Defendant's Second Motion for Contempt, Sanctions and Attorney's Fees (Doc. #30) is before the undersigned pursuant to the automatic referral of discovery matters. On June 13, 2008, defendant, Auto Club Family Insurance Company, removed the captioned Hurricane Katrina homeowner's coverage claim from the Twenty Second Judicial District Court for the Parish of St. Tammany, Louisiana, to this Court.[1]

The District Judge's scheduling order (Doc. # 8) issued on November 19, 2008 and Auto Club commenced discovery in earnest immediately. Defendant filed a motion to compel discovery (Doc. # 11) on April 21, 2009; a discovery order (Doc. #13) issued on May 12, 2009 granting the defendant's motion as unopposed and ordering plaintiff to provide full and complete responses to the defendant's discovery requests no later than Friday, May 22, 2009. Plaintiff failed to comply with the undersigned Magistrate Judge's first discovery order.

On May 28, 2009, defendant Auto Club filed a Motion for Sanctions (Doc. # 14), which was opposed by the plaintiff. *See* Plaintiff's Memorandum in Response filed June 8, 2009 [Doc.

---

[1] Plaintiff filed suit to recover for damages to the structure and contents of his home located at 13651 Riverlake Drive in Covington, Louisiana, claiming that despite satisfactory proof of loss, Auto Club arbitrarily failed to the claim in violation of LRS 22:658 and 1220. *See* Plaintiff's First Supplemental and Amending Complaint for Damages [Doc. #1-3].

# 16]; Auto Club Family Ins. Co.'s Reply filed June 15, 2009 [Doc. # 20]. This Court conducted an oral hearing on June 17, 2009. *See* Transcript of June 17, 2009 Sanctions Hearing [Doc. # 35]; Minute Entry dated June 17, 2009 [Doc. # 21].

The undersigned's minute entry order (Doc. #21) issued pursuant to the June 17th, 2009 hearing in open court, ordering plaintiff to (1) pay sanctions in the amount of $300.00; and (2) provide full and complete responses to the defendant's discovery requests. The Court further explained to the plaintiff, who was present in court on June 17th, that all of his objections in terms of the scope of discovery have been waived. *See* June 17, 2009 Transcript at p. 8. The undersigned emphasized that time was of the essence, noting that the deadlines were imminent. Moreover, the Court reserved unto the defendant the right to reurge its request for case dispositive sanctions in the event that supplemental responses were unsatisfactory. *Id. See also* Minute Entry Order dated June 17, 2009 [Doc. #21]. Indeed, plaintiff stated on the record that he understood the Court's instructions regarding the necessity of a complete response and the urgency. *See* June 17, 2009 Transcript at p. 8.

As more than amply detailed in Defendant's Second Motion for Contempt (Doc. # 30) as supplemented (Doc. #34) prior to the July 22, 2009 hearing, plaintiff failed to comply with this Court's orders by tendering payment of $300.00 to anyone (either to the Court or defense counsel) or providing full and complete discovery responses. The undersigned was quite clear in a warning addressed to the plaintiff on June 17th in open court that whether the undersigned would recommend dismissal of the case would "depend on what happens from here on out." June 17, 2009 Transcript at p. 5 [Doc. #35].

On this date (July 22, 2009), the Court conducted the hearing on the defendant's Second Motion for Contempt. No opposition was filed. Plaintiff failed to provide full and complete

disclosure prior to the hearing. No memorandum in opposition was filed. Again, plaintiff personally appeared represented by counsel (Eugene Redman); however, on July 22nd, 2009, plaintiff was also accompanied by Dan Able, who had not yet enrolled as counsel of record.[2] Plaintiff's disingenuous excuses, although plenary, pale in comparison to the record of his contumacious refusal to follow this Court's orders.

Because the plaintiff's failure to cooperate with the discovery effort is accurately described in great detail in defendant's submissions accompanying its First and Second Motion for Contempt as supplemented, there is no need to reiterate same in the context of this report. Indeed, the plaintiff's refusal to engage in discovery and prosecute his own case was the subject of two oral hearings (June 17th and July 22nd, 2009). Plaintiff's obstruction of discovery and contempt of court orders is objectively ascertainable on the written record of these proceedings.

The Court has wide latitude in determining the appropriate sanction for failure to comply with discovery and, especially, for failure to comply with a Court's Order<u>s</u>. Defendant again requests dismissal of plaintiff's action with prejudice. The Court has clear authority under Fed. R. Civ. P. 37(b)(2)[3] to sanction a party for failure to obey a discovery order. One sanction

---

[2]Similarly, plaintiff appeared at the June 17th, 2009 hearing accompanied by counsel of record and by John Cangelosi, who like Dan Able, had not enrolled as counsel of record.

[3]Rule 37(b)(2)- Failure to Comply with a Court Order - provides in pertinent part:
"(2) Sanctions in the District Where the Action Is Pending.
(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part;....."

available under Rule 37(b)(2)(C)[4] is dismissal of the action, or any portion of the action. In addition, Fed. R. Civ. P. 41(b) provides the Court with discretion to dismiss plaintiff's lawsuit with or without prejudice for his failure to prosecute his case and/or for failure to comply with Court Orders.

To support a dismissal under Rule 37(b), the Fifth Circuit requires a finding of bad faith or willful conduct, as well as a finding that other factors exist. First, dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not the inability to comply. Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.

In this particular case, there is no question but that the conduct of plaintiff is "willful" (and not simple negligence or a misunderstanding). This Court's inquiry leads solely to the conclusion that plaintiff's failure to cooperate is not attributable to his counsel of record (who has attempted to secure the plaintiff's cooperation *to no avail*). Plaintiff's conduct amounts to no less than willful/bad faith refusal to comply with the court's orders. Less drastic sanctions such

---

[4] Rule 37(b)(2)( C) - Failure to Disclose or Supplement - provides in pertinent part. " If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to *or instead of this sanction*, the court, on motion and after giving an opportunity to be heard:
       \*   \*   \*
(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). (all emphasis added).

as monetary sanctions, *inter alia*, will serve no useful purpose. Monetary sanctions meted out on June 17th were ignored. Not only were monetary sanctions not paid even as of the time of the July 22nd hearing, plaintiff had not produced documents evidencing his coverage claim for property damage under the defendant's policy. Auto Club's preparation of its defense for trial on the merits is substantially prejudiced and this type of prejudice cannot be undone. This case involves damage to property almost four full years ago (August 29, 2005) and more storms of significant force followed suit.

While it is clear from the case law that the harsh sanction of dismissal is not favored except in "extreme circumstances," this is one of those few rare cases that merits *extreme justice*. In this division of Court, the recommendation of "dismissal *with prejudice* for failure to prosecute" is not the usual fare; however, neither is a litigant's (1) abject failure to prosecute or (2) rank refusal to cooperate with the discovery effort or (3) contempt/willful ignorance of the Court's orders, including the failure to pay sanctions previously ordered. Plaintiff in this case meets each of the aforesaid three categories of bad faith conduct. It is apparent to the undersigned that this "bad faith" conduct will most likely continue to the prejudice of the defendant - *i.e.*, prejudice in terms of racking up needless costs and attorneys fees and the inability to prepare its defense to the plaintiff's claims, when deadlines have expired and the trial date (August 31, 2009) is imminent. Accordingly,

**IT IS RECOMMENDED** that Auto Club Family Ins. Co.'s Second Motion for Sanctions (Doc. # 30) in the form of dismissal of the plaintiff's case in its entirety with prejudice be GRANTED.

New Orleans, Louisiana, this 22nd day of July, 2009.

      _____
      **DANIEL E. KNOWLES, III**
      **UNITED STATES MAGISTRATE JUDGE**